UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON A. LOCKE | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:21-CV-027-SDJ |
| | § | |
| TEXAS BOARD OF LAW | § | |
| EXAMINERS | § | |

**<u>MEMORANDUM ADOPTING IN PART REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 21, 2022, the Report of the Magistrate Judge, (Dkt. #30), was entered containing proposed findings of fact and recommendations that Defendant the Texas Board of Law Examiners Motion to Dismiss, (Dkt. #6), be granted, and that Plaintiff Nelson A. Locke's claims against the Texas Board of Law Examiners ("TBLE") be dismissed for lack of subject-matter jurisdiction. Having assessed the Report, the record in this case, and considered Locke's objections, the Court determines that the Magistrate Judge's Report should be adopted in part.

The Court notes that TBLE contends that the Court lacks subject-matter jurisdiction for multiple reasons, arguing that Locke's claims are barred by sovereign immunity, or, in the alternative, by the *Younger* abstention or *Rooker-Feldman* doctrines. *See* (Dkt. #6).

When a court's jurisdiction is challenged on multiple grounds, the court may dispose of the case on any of the asserted grounds. *See Walmart Inc. v. U.S. Dep't of*

1

*Just.*, No. 4:20-CV-817-SDJ, 2021 WL 410618, at *6 (E.D. Tex. Feb. 4, 2021) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)).

The Court agrees with the Magistrate Judge's conclusion that Locke's suit against TBLE is barred by sovereign immunity. The Eleventh Amendment renders a State immune from any suit in law or equity brought by a State's own citizen without the State's consent. *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (citation omitted). This immunity extends to any state agency or entity deemed an "alter ego" or "arm" of the state. *See Perez v. Region 20 Educ. Serv. Center*, 307 F.3d 318, 326 (5th Cir. 2002). TBLE is a statutorily created agency of the State of Texas composed of nine attorneys appointed by the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 82.001 (Board of Law Examiners), 82.004 (Board Duties). There is no dispute that TBLE is a state entity that enjoys sovereign immunity. *See, e.g.*, *Simmang v. Tex. Bd. of Law Examiners*, 346 F.Supp.2d 874, 881 (W.D. Tex. 2004) (acknowledging that TBLE is an "arm of the state" entitled to sovereign immunity). And Locke has not identified any applicable waiver of TBLE's sovereign immunity.

For these reasons, the Court adopts in part the findings, reasoning, and conclusion of the Magistrate Judge, including only the introduction, (Dkt. #30 at 1), the factual and procedural background, (Dkt. #30 at 1–4), and the legal standard and discussion sections concerning sovereign immunity, (Dkt. #30 at 4–7), which is dispositive of the instant litigation.

Though Locke timely filed two objections, (Dkt. #31), neither objected to the Report's finding that this case should be dismissed on sovereign immunity grounds. The Court therefore need not address Locke's objections.

It is therefore **ORDERED** that Defendant the Texas Board of Law Examiners Motion to Dismiss, (Dkt. #6), is **GRANTED**. Plaintiff Nelson A. Locke's claims against the Texas Board of Law Examiners are **DISMISSED**.

**So ORDERED and SIGNED this 23rd day of March, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE